9837

STATE v. STEWART.

(94 S. E. 874.)

COURTS—SELECTION OF JURORS—RECORDER'S COURT.—Act March 25, 1916 (29 St. at Large, p. 811), relative to selection of jurors for municipal Courts in cities containing 5,000 inhabitants and repealing all inconsistent acts, includes the city of Charleston, and the recorder's Court of such city after such act became effective had no right to exclude it and draw a jury in accordance with the prior laws establishing the police Court of such city.

Before BOWMAN, J., Charleston, —— term. Affirmed.

S. P. Stewart was convicted of an offense in the recorder's Court. From a decision reversing the verdict and sentence, the State appeals.

Mr. Thomas P. Stoney, Solicitor, for the State.

Mr. Joseph Fromberg, for respondent.

January 1, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The State is appellant in this case. The Solicitor, in his argument, thus states his case:

"The sole and only question in this case is whether or not the jury which passed upon the guilt or innocence of defendant, S. P. Stewart, was a jury drawn in accordance with the law as it existed on December 21, 1916, the date of trial of said S. P. Stewart in the recorder's Court for the city of Charleston. If the jury which passed upon the guilt of S. P. Stewart was an illegal jury and drawn not in accordance with the law, then the order of his Honor, Judge I. W. Bowman, would be correct, and there would be no chance for the State to reverse the said Judge and to sustain the conviction in the recorder's Court, before this tribunal. If, on the other hand, the jury was drawn in accordance with the law establishing the police Court of Charleston, and if this law which established the said recorder's Court was not interfered with by the act of 1916, then Judge Bowman erred, as a matter of law, in reversing the verdict and sentence of Recorder Theodore D. Jervey.

"In discussing this question the State will be very brief. The jury which passed upon the guilt of S. P. Stewart was drawn strictly in accordance with the law establishing the police Court of Charleston. Section 3888 (1903, XXIV, 89), section 3891 (Civ. '02, sec. 2783; 1903, XXIV, 89), section 1395 (Civ. '02, sec. 987; G. S. 842.; R. S. 885; 1868, XIV, 100, sec. 6), Civil Code, S. C. Volume I, 1912."

The act of 1916 (29 St. at Large, p. 811) provides:

"That the mayor and aldermen or councilmen in any city or town, in the State of South Carolina, containing by the last census, five thousand inhabitants or more, are hereby declared to be the jury commissioners for the municipal Court for said city, and shall, within ten days after the approval of this act, and within the first ten days of each year thereafter, prepare a box to be known as the jury box," etc.

It is conceded that this jury was not procured as this act requires. The language of this act includes the city of Charleston, and the Courts have no right to exclude it. The act of 1916 concludes with a clause repealing all acts inconsistent with its provisions. Here, again, the Court has no power to alter the mandate of the statute.

The judgment appealed from is affirmed.